IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

                  Plaintiff,

v.

CONNER MONK, PETE BORCHARDT, KEVIN
ORZECH, DANE MATHWICH, JODIE WILHELM,
BRADLEY WEEKS, and JAMES ZIMMERMAN,

                  Defendants.

OPINION and ORDER

25-cv-76-jdp

---

Plaintiff Antonio Maholmes, Jr., proceeding without counsel, alleges that staff at the Lincoln County jail subjected him to a strip search and used excessive force on him, in violation of the Fourth Amendment. Some of the defendants move for summary judgment on the ground that Maholmes did not exhaust his administrative remedies. Dkt. 31. For the reasons below, I will deny the motion.

ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners, including jail detainees, to exhaust all available administrative remedies before challenging prison conditions under federal law. 42 U.S.C. § 1997e(a). This means that a prisoner must take each step in the administrative process, which includes following instructions for filing "complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*," 286 F.3d 1022, 1025 (7th Cir. 2002). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

In this case, the Lincoln County jail requires detainees to "submit [a grievance] in writing within five days of the occurrence to the corrections officer." Dkt. 33-1, at 8. The strip search and use of force occurred on October 12, 2024, so jail rules required Maholmes to file a grievance by October 17, 2024. Maholmes admits that he did not file any grievances related to the claims in this case, but he says in his declaration, Dkt. 43, that he was unable to file a grievance for the following reasons:

- On October 12, he was placed in observation status.

- Between October 12 to October 20, he made several requests to jail staff to file a grievance, but he was denied grievance forms and writing utensils.

- He did not have access to grievance forms and a pencil until he was released from observation status on October 20.

A prisoner is not required to exhaust a grievance process that is unavailable, and the grievance process is not available if the prisoner does not have access to the materials he needs to file a grievance, including grievance forms and something to write with. *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). That is what Maholmes is alleging in this case.

Maholmes acknowledges that he could have filed a grievance on October 20, but that was too late. The jail handbook sets a five-day deadline for filing grievances, and that deadline passed on October 17. The handbook identifies no exceptions to the five-day deadline, so Maholmes would not be required to file a late grievance or ask for an extension of the deadline. *See King v. McCarty,* 781 F.3d 889, 896 (7th Cir. 2015).

Defendants dispute that Maholmes was in observation status until October 20. They say he was released on October 16, and he was then given a jail handbook, which explained the grievance process. Dkt. 45, ¶¶ 5, 6. Defendants appear to be conceding that jail staff did not inform Maholmes about the grievance process until October 16, and he could not have

2

filed a grievance before then. *See Hernandez v. Dart,* 814 F.3d 836, 842 43 (7th Cir. 2016) (burden is on prison officials to prove that prisoner had notice of grievance procedures). That would give Maholmes one day to file a grievance. But even I assume that one day would have been enough time to make the grievance process available to Maholmes, defendants are not entitled to summary judgment because defendants cite no evidence disputing Maholmes's averments in his declaration that he did not have access to grievance forms or writing utensils to submit a grievance. Defendants cite a statement in the jail handbook that "[g]rievance forms can be found in the cell blocks or given upon request." Dkt. 45, ¶ 7 (citing Dkt. 33-1, at 8). But that is just a line on a piece of paper. Defendants do not cite any evidence that forms (and writing utensils) were *actually* available to Maholmes before October 17.

Defendants have not met their burden to show that Maholmes did not exhaust his available administrative remedies. Accordingly, I will deny defendants' motion for summary judgment.

ORDER

IT IS ORDERED that defendants' motion for summary judgment, Dkt. 31, is DENIED.

Entered January 16, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge