IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

                Plaintiff,

    v.

CONNER MONK, PETE BORCHARDT,
KEVIN ORZECH, DANE MATHWICH,
JODIE WILHELM, BRADLEY WEEKS,
and JAMES ZIMMERMAN,

                Defendants.

OPINION and ORDER

25-cv-76-jdp

---

This case is about two incidents that occurred at the Lincoln County jail on October 12, 2024. Plaintiff Antonio Maholmes, proceeding without counsel, alleges that police officers and jail staff subjected him to a strip search for improper purposes and later used excessive force on him. Maholmes was an arrestee at the time, so his claims are governed by the Fourth Amendment.

Both the police officers and jail staff move for summary judgment. Dkt. 49 and Dkt. 65. Maholmes did not oppose the motions. Under those circumstances, I treat defendants' version of the facts as undisputed, but I must still draw all reasonable inferences in Maholmes's favor and decide whether defendants have shown that they are entitled to judgment as a matter of law. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). The undisputed facts would not permit a reasonable jury to find that any of the defendants violated Maholmes's Fourth Amendment rights, so I will grant defendants' motions for summary judgment.

ANALYSIS

Maholmes is proceeding on two claims:

1.  Connor Monk (a jail deputy) forced Maholmes to strip naked to harass and humiliate him while four other jail staff (Jodie Wilhelm, James Zimmerman, Kevin Orzech, and Bradley Weeks) and a city of Merrill police officer (Dane Mathwich) observed without intervening; and

2. Pete Borchardt (another city police officer) and Kevin Orzech (a jail officer) "violently forced" Maholmes down on his knees, and Monk grabbed Maholmes's ankles and "violently snatched them from beneath [Maholmes's] body, causing Maholmes's head to slam into the floor."

I will consider each claim in turn.

## A.  Forced stripping

Defendants admit that Maholmes was required to remove his clothes while they were present. Dkt. 58, ¶¶ 25–39. But defendants deny that they were trying to harass or humiliate him. Rather, the Lincoln County jail has a policy that requires inmates to wear clothes issued by the jail. *Id.* ¶ 14. Maholmes refused to put jail clothes on, so a team was assembled to gain compliance with the policy. *Id.* ¶¶ 25–27. After another refusal, officers began to hold Maholmes down, but he then agreed to remove the clothes himself. *Id.* ¶¶ 29–31, 36, 39.

An involuntary removal of one's clothes while being observed by officers is a search under the Fourth Amendment, so the search must be reasonable. *Stanley v. Henson*, 337 F.3d 961, 963–64 (7th Cir. 2003). But a required clothing exchange during the booking process is often reasonable because jail administrators have a legitimate interest in preventing contraband from coming into the jail. *See id.* The intrusion in this case was somewhat more significant than in *Stanley* because the plaintiff in *Stanley* was allowed to keep her underwear on, and she was observed by only one officer. *Id.* But the additional officers in this case were present because Maholmes had refused multiple requests to change his clothes on his own, so the presence of

2

the other officers was not unreasonable. In any event, even nude visual inspections are permissible under the Fourth Amendment if they are part of a generally applicable policy based on security or other legitimate concerns. *See Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 339 (2012). There is no evidence of an improper purpose in this case.

The undisputed facts do not support a reasonable inference that any of the defendants conducted an unreasonable search, so I will grant defendants' summary judgment motions on this claim.

## B. Excessive force

An officer's use of force is excessive under the Fourth Amendment if the officer uses greater force than was reasonably necessary. *Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016); *Gonzalez v. City of Elgin*, 578 F.3d 526, 539 (7th Cir. 2009). In assessing reasonableness, relevant factors include the relationship between the need for the use of force and the amount of force used, the extent of the plaintiff's injury, any effort made by the officer to temper or to limit the amount of force, the severity of the security problem at issue, the threat reasonably perceived by the officer, and whether the plaintiff was actively resisting. *Lombardo v. City of St. Louis, Missouri*, 594 U.S. 464, 466–67 (2021). The standard is an objective one, viewed from the perspective of a reasonable officer in light of the totality of the circumstances known to the officer, without regard to the officer's intent or his subjective beliefs. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Williams v. Indiana State Police Dept.*, 797 F.3d 468, 472–73 (7th Cir. 2015).

In this case, officers used force in the context of placing Maholmes in a padded cell after he threatened to kill himself multiple times. Dkt. 58, ¶¶ 45, 52. While being escorted, Maholmes told Wilhelm to "shut the fuck up," and he called her a "bitch." *Id.* ¶ 66. He later

tried to pull away from the officers. *Id.* ¶ 71. Once in the cell, Maholmes refused multiple orders to lie on his stomach so that his handcuffs could be removed. *Id.* ¶¶ 72–75. A video from the cell shows two officers using a compliance hold to force Maholmes down on to his knees while the officer held Maholmes by his arms, but the video contradicts Maholmes allegation that officers "violently forced" him to the ground. Dkt. 60-2, at 1:29–1:39. At that point, Maholmes refused another order to lie on his stomach. Dkt. 58, ¶ 77. The video shows the two officers continuing to hold Maholmes by his arms while a third officer pulled Maholmes's legs to force his torso to the floor. Maholmes's face hit the floor, but the video contradicts his allegation that his face was "slammed" into the floor. Dkt. 60-2, at 1:39–:41.

No reasonable jury could find from the video or defendants' testimony that defendants used excessive force. Officers are entitled to use some force when an inmate does not comply with legitimate orders related to safety and security. *See Raddant v. Douglas Cnty., Wisconsin*, 170 F.4th 583, 594 (7th Cir. 2026); *Johnson v. Rogers*, 944 F.3d 966, 969 (7th Cir. 2019); *Padula v. Leimbach*, 656 F.3d 595, 603 (7th Cir. 2011). In this case, Maholmes was being noncompliant and belligerent, the force defendants used was no greater than necessary to gain compliance, and there is no evidence of injury in the video or otherwise. So the court will grant defendants' summary judgment motion on the excessive force claim.

4

ORDER

IT IS ORDERED that defendants' motions for summary judgment, Dkt. 49 and Dkt. 65, are GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered May 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge